UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| VOESTALPINE USA LLC,<br>BILSTEIN COLD ROLLED STEEL LP,<br><br>      *Plaintiffs*,<br><br>v.<br><br>UNITED STATES,<br><br>      *Defendant*. | Court No. 21-00290 |

## COMPLAINT

Plaintiffs, voestalpine USA LLC ("voestalpine") and Bilstein Cold Rolled Steel LP ("Bilstein"), by its undersigned attorney, hereby allege as follows:

## THE PARTIES

1. Plaintiff voestalpine is a corporation organized under the laws of the state of Delaware, with its principal place of business at 11490 Westheimer Road, Suite 750, Houston, Texas 77077. Plaintiff voestalpine is the importer of record of certain merchandise which were entered into United States commerce on December 9, 2018 and January 1, 2019 and upon which duties that are the subject of this action were assessed and collected. These entries included merchandise covered by Exclusion No. BIS-2018-0006-103928 ("Exclusion I") and BIS Exclusion No. 163906 ("Exclusion II").

2. Plaintiff Bilstein is a corporation organized and existing under the laws of the State of Delaware, which maintains its primary place of business at 1491 Commonwealth Blvd, Bowling Green, Kentucky. Bilstein was the purchaser of alloy steel imported by voestalpine on the Entries, and submitted exclusion requests to BIS, including Exclusion I and Exclusion II. Plaintiff Bilstein

1

is the consignee of entries of steel covered by Exclusion I and Exclusion II, and reimbursed voestalpine for any duties paid on the entries referred to herein.

3. Defendant United States controls the Department of Commerce and its constituent agencies and offices, including the Bureau of Industry and Security ("BIS"). BIS is responsible for the creation and operation of the steel 232 program, including all aspects of evaluating, approving and administering the product exclusion mechanism under 15 CFR Part 705, Supplement 1, in effect from March 19, 2018, and amended from time to time thereafter.

## JURISDICTION

4. This court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1581(i)(1), (2) and (4). This action is grounded in the administration and enforcement of import restrictions by BIS, which injured Plaintiffs by (1) issuing and failing to correct an erroneous exclusion and (2) unlawfully determining that final liquidation of the Entries was a bar to obtaining refunds of duties collected pursuant to Section 232 of the Trade Expansion Act of 1962, 19 U.S.C. § 1862 ("Section 232 duties").

5. These wrongful actions by BIS did not involve the protest authority administered by U.S. Customs and Border Protection ("CBP"). Therefore, jurisdiction does not lie under 28 U.S.C. 1581(a). Customs makes no decisions regarding the application of Section 232 duties, but acts under the authority of BIS. In short, CBP had no authority to address this situation.

## TIMELINESS OF THIS ACTION

6. This cause of action arose upon the failure of BIS to correct the erroneous HTSUS classification number in Exclusion I before the final liquidation of the Entries at issue in this case. BIS violated its regulations by approving an exclusion with a non-existent HTSUS classification number. Plaintiffs were injured by this error. BIS finally corrected the error by a "resubmission"

determination communicated to Plaintiff Bilstein on February 2, 2021. At that time, for the first time, Plaintiffs were able to match the correct HTSUS classification number in the exclusions with the Entries. This action commenced less than two years after the dates of liquidation of the Entries and is therefore timely. *See* 28 U.S.C. § 2636(i). The "resubmission" is a prerequisite to obtaining refunds under the circumstances set forth in this complaint.

## THE ENTRIES

7. Plaintiff voestalpine was the importer of record for two shipments of alloy steel entered on December 9, 2018 and January 1, 2019, through the Ports of Detroit and Philadelphia, respectively, Entry Nos. HK852083136 (the "'136 Entry") and HK852086030 (the "'030 Entry) (collectively, the "Entries").

8. When the Entries were made on December 9, 2018 and January 1, 2019, certain steel products included in those entries were the subject of a request for exclusion from the Section 232 tariffs imposed pursuant to a Department of Commerce investigation (initiated on April __, 2017 and concluded on January 11, 2018) and Proclamation 9705, dated March 8, 2018. That Proclamation included an instruction to set up a process to exclude imports of steel that were not "reasonably available" from domestic sources.

9. Commerce promulgated interim final regulations on March 19, 2018 and amended those regulations on September 11, 2018. 15 CFR Part 705, Supplement 1, 83 Fed. Reg. 12106 (March 19, 2018) and 83 Fed. Reg. 46026 (September 11, 2018). Under the regulations as amended on September 11, 2018 approved exclusions may be applied to Customs entries on or after the date of submission of the request to BIS.

10. The steel product exclusion program was instituted pursuant to presidential proclamations under the authority of Section 232 of the Trade Expansion Act of 1962, as amended,

codified at 19 U.S.C. § 1862. Proclamation 9705 (March 8, 2018), 83 Fed. Reg. 11625 (March 15, 2018) and Proclamation 9777 (August 29, 2018), 83 Fed. Reg. 45025 (September 4, 2018) authorized the Secretary of Commerce to develop and administer a steel product exclusion program. Exclusion No. BIS-2018-0006-103928 to Bilstein was pursuant to this presidential authorization.

11.   Plaintiff voestalpine paid Section 232 duties on the Entries because on the date of entry the Exclusions had not been approved. Plaintiff Bilstein paid voestalpine all duties and other charges on the Entries incurred and paid to CBP by voestalpine.

### THE EXCLUSIONS

12.   On December 9, 2018, Plaintiff Bilstein submitted Exclusion No. BIS-2018-0006-103928 to BIS. This exclusion was "approved" by BIS on May 10, 2019, but included an erroneous tariff classification number. Under the regulations promulgated to administer the steel product exclusion process, CBP was not permitted to permit refund of duties where the Harmonized Tariff Schedules of the United States ("HTSUS") classification number did not match the HTSUS number listed in the exclusion. BIS had the sole authority to correct an erroneous HTSUS classification number in a product exclusion or deny the request.

13.   The request resulting in Exclusion I was submitted to BIS under the applicable regulations (15 CFR Part 705, Supplement 1) on December 9, 2018. BIS approved Exclusion I on May 10, 2019 (*see* Exhibit 1). BIS approved Exclusion I with an erroneous HTSUS classification number of 7225.30.0000, a number that does not exist in the HTSUS.

9.   The erroneous classification number was an obvious typographical error. The correct HTSUS classification number for Exclusion I is 7225.30.7000. The product specifications described in Exclusion I were met in every particular by the Entries. If the HTSUS classification

number had been correct in Exclusion I, Section 232 duties would have been refundable, and Plaintiffs would have recovered them. They are entitled to refunds now by virtue of Exclusion II.

10. Plaintiff Bilstein submitted Exclusion II to BIS on November 23, 2020 with the correct HTSUS classification number. Exclusion II was identical to Exclusion I except for the correction of the HTSUS classification number. Exclusion II was approved on December 31, 2020.

11. Shortly after Exclusion I was approved, Plaintiff Bilstein noted that the HTSUS classification number was incorrect. Plaintiff Bilstein also noted that the request submitted on December 9, 2018 contained the same error. BIS was required to review all exclusion requests before posting, and failed to do so.

12. BIS provided no guidance regarding the appropriate steps to correct an erroneous HTSUS classification number. Mr. Will Mackin of Bilstein requested guidance from BIS and CBP in May 2019. BIS responded, and CBP confirmed, that only BIS could correct the mistake. BIS referred to an application for "backdating eligibility". However, BIS did not explain what "backdating eligibility" was or how to obtain it. There is no published regulation or information dealing with "backdating eligibility".

13. On June 19, 2019, BIS published a document online titled "Frequently Asked Questions, Version 1.01" (*see* https://www.bis.doc.gov/index.php/documents/section-232-investigations/2409-section-232-faq/file. This document included a public explanation of a "resubmission" procedure, whereby an exclusion request *denied* because of an erroneous HTSUS classification number could be made applicable by a later exclusion with the correct classification number that was explicitly linked to the earlier exclusion request by BIS. BIS provided no procedure for correcting the error that actually occurred in this case: an approved exclusion with

an erroneous HTSUS classification number.  BIS did not communicate further with Plaintiffs until 2020.

14. On August 13, 2020, Plaintiff Bilstein, through newly retained counsel, renewed its request to BIS for assistance regarding the process for correcting the erroneous HTSUS classification number in Exclusion I. In response, BIS notified Bilstein of the availability of a "resubmission" procedure, but did not cite the "Frequently Asked Questions" online document.

15. Bilstein diligently worked thereafter to secure a refund under this procedure which was not in any published regulation.  There was no approved exclusion that could be linked to Exclusion I with identical specifications and quantity.  On November 23, 2020, Plaintiff Bilstein submitted a new exclusion request containing the correct HTSUS classification number and was otherwise identical to Exclusion I.  The request was assigned No. 163906 by BIS.  The exclusion (Exclusion II) was approved by BIS on December 31, 2020.  On January 21, 2021, Plaintiff Bilstein requested BIS to link Exclusion II to Exclusion I through the "resubmission" process.  BIS approved the resubmission request on February 2, 2021.

16. Prior to February 2, 2021 Plaintiffs had no option to correct the error in the HTSUS classification in Exclusion I.  BIS had the authority to correct this simple error long before but refused to do so, insisting instead on compliance with the extra-regulatory "resubmission" procedure.  The Entries liquidated before the approved Exclusion II could be applied to the Entries.  BIS's failure to correct the erroneous HTSUS classification number prevented Plaintiffs from obtaining refunds before liquidation.  CBP confirmed that only Exclusion II could be applied to the Entries.

17. It is beyond doubt that the exclusion requests were meritorious.  There were no objections submitted to either Exclusion I or Exclusion II.  Defendants' failure to issue an

exclusion with a correct HTSUS classification caused financial injury to Plaintiffs by precluding a refund of Section 232 tariffs through the protest process. BIS could have corrected the typographical error consistently with the regulations.

18. With the exception of the erroneous HTSUS classification number, Exclusion I would have applied to the Entries and refunds would have been applied for and approved as a matter of course. However, BIS insisted on an approved Exclusion II and approval of "resubmission" before the exclusions could be applied to the Entries. This time-consuming process to correct a typographical error was unnecessary.

## CLAIM

19. Paragraphs 1 through 18, *supra*, are incorporated as though set forth fully herein.

20. Exclusion No. BIS-2018-0006-103928 and Exclusion No. 163906 apply to the Entries in all material respects with the exception of the HTSUS classification number in the first Exclusion.

21. BIS did not publish any regulation containing a method to correct an incorrect or nonexistent HTSUS classification number.

20. BIS did not notify Plaintiffs of any mechanism to obtain refunds of Section 232 duties before the liquidation of the Entries. BIS had the authority to correct the erroneous HTSUS classification number at any time; however, the resubmission process was completed only after the final liquidation of the Entries. Plaintiffs are without any recourse to obtain duty refunds without action by this Court.

21. The United States is wrongfully in possession of the Section 232 duties on the Entries paid by Plaintiffs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(a) determine that Exclusion No. BIS-2018-0006-103928 (submitted December 9, 2018 and approved May 10, 2019) and 163906 apply to the Entries.

(b) require Defendant to reliquidate the Entries listed in this Complaint without payment of duties pursuant to Section 232 of the Trade Expansion Act of 1962, as amended, that are described in Exclusion No. BIS-2018-0006-103928 and Exclusion No. 163906;

(c) order refund to Plaintiffs of Section 232 duties previously assessed and collected by U.S. Customs and Border Protection that are covered by Exclusion No. BIS-2018-0006-103928 and 163906, including interest as provided by law; and

(d) grant such additional and further relief that this Court deems just and proper.

> Respectfully submitted,
>
> s/Lewis Evart Leibowitz
> Lewis E. Leibowitz
> *The Law Office of Lewis E. Leibowitz*
> 1400 16th Street, N.W., Suite 350
> Washington, D.C. 20036
> Tel.: (202) 776-1142
> *Attorney for Plaintiffs*

Dated: June 18, 2021