IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

|  |  |  |
|---|---|---|
| VOESTALPINE USA CORP. BILSTEIN COLD ROLLED STEEL LP, | : | |
| Plaintiffs, | : | Court No.  21-00290 |
| v. | : | |
| UNITED STATES, | : | |
| Defendant. | : | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Of Counsel:
Kenneth Kessler
Senior Counsel
Office of the Chief Counsel
Bureau of Industry and
Security
U.S. Department of
Commerce

Yelena Slepak
Senior Attorney
Office of the Assistant Chief
Counsel
International Trade Litigation
U.S. Customs and Border
Protection

November 24, 2021

BRIAN M. BOYNTON
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

TARA K. HOGAN
Assistant Director

AIMEE LEE
Assistant Director
Department of Justice
Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, NY 10278
Tel: (212) 264-9253

*Attorneys for Defendant*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................... 1

BACKGROUND ................................................................................................... 2

    A.   Commerce's Role And CBP's Role In The Exclusion Process ....................................... 2

    B.   The Exclusion In This Case ........................................................................ 4

ARGUMENT ........................................................................................................ 5

    I.   Plaintiffs' Challenge To Commerce's Exclusion Is Moot .................................. 5

    II.   The Court May Dismiss This Case For Failure to State A Claim Upon Which Relief Can Be Granted Because Reliquidation Is Unavailable .................................... 7

    III.  Plaintiffs' Challenge To The Original Exclusion Was Not Brought Within Two Years ........................................................................................... 13

    IV.  There Was No Intervening Legal Change That Warrants Reliquidation As A Remedy ........................................................................................... 14

CONCLUSION ..................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**

*Alden Leeds Inc. v. United States*,
476 F. App'x 393 (Fed. Cir. 2012) ........................................................................... 11

*ARP Materials, Inc. v. United States*,
520 F. Supp. 3d 1341 (Ct. Int'l Trade 2021) ........................................................... 10

*Ford Motor Co. v. United States*,
811 F.3d 1371 (Fed. Cir. 2016) ............................................................................... 13

*Juice Farms, Inc. v. United States*,
68 F.3d 1344 (Fed. Cir. 1995) ................................................................................. 11

*Mitsubishi Electronics America Inc. v. United States*,
44 F.3d 973 (Fed. Cir. 1994) ................................................................................... 13

*North Carolina v. Rice*,
404 U.S. 244 (1971) ................................................................................................... 5

*ThyssenKrupp Steel North America v. United States*,
886 F.3d 1215 (Fed. Cir. 2018) ............................................................................... 14

*United States v. Commodities Export Co.*,
972 F.2d 1266 (Fed. Cir. 1992) ............................................................................... 13

*Voestalpine USA Corp. v. United States*,
Slip op. 21-108, 2021 WL 3783100 (Consol. Ct. No. 20-03829) (Aug. 26, 2021) .......... *passim*


**Harmonized Tariff Schedule of the United States**

Heading 9903.80.01 ....................................................................................................... 10


**Statutes**

5 U.S.C. § 706(2)(A) ........................................................................................................ 5

19 U.S.C. § 1514 ............................................................................................................ 11

19 U.S.C. § 1514(a) ............................................................................................... 4, 7, 14

19 U.S.C. § 1514(a)(2) ........................................................................................... 10

19 U.S.C. § 1514(c)(3) ........................................................................................... 10

28 U.S.C. § 1581(a) ............................................................................................... 10

28 U.S.C. § 1581(i) ....................................................................................... 5, 13, 14

28 U.S.C. § 1581(i)(4) .............................................................................................. 5

28 U.S.C. § 2636(i) ................................................................................................. 13

**Rules and Regulations**

15 C.F.R. § 705 Supp. 1(c)(2) .................................................................................. 2

15 C.F.R. § 705 Supp. 1(h)(2)(iii)(B) .................................................................... 2, 8

15 C.F.R. § 705 Supp. 1(h)(3)(ii) .............................................................................. 2

19 C.F.R. § 159.1 ...................................................................................................... 9

USCIT R. 12(b)(6) .................................................................................................. 13

**Proclamations**

*Proclamation 9705, Adjusting Imports of Steel Into the United States*,
   83 Fed. Reg. 11,625 (Mar. 8, 2018) ..................................................................... 2

*Proclamation 9777, Adjusting Imports of Steel Into the United States*,
   83 Fed. Reg. 45,025 (Aug. 29, 2018) .................................................................... 3

**Other Authorities**

U.S. Customs and Border Protection, Cargo Systems Messaging Service,
   CSMS # 18-000352 – Submitting Imports of Products Excluded from Duties on Imports of
   Steel or Aluminum (May 21, 2018) ................................................................. 3, 8

U.S. Customs and Border Protection, Cargo Systems Messaging Service,
   CSMS # 18-000378 – UPDATE: Submitting Imports of Products Excluded from Duties on
   Imports of Steel or Aluminum (June 12, 2018) ............................................... 3, 8

U.S. Customs and Border Protection, Cargo Systems Messaging Service,
CSMS # 39633923 – UPDATE: Submitting Imports of Products Excluded from Duties on
Imports of Steel or Aluminum (Sept. 3, 2019) ....................................................................... 3, 8

U.S. Customs and Border Protection, Cargo Systems Messaging Service,
CSMS #42566154 – Section 232 and Section 301 – Extension Requests, PSCs, and Protests
(May 1, 2020)............................................................................................................................. 3, 8

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | | |
|---|---|---|
| _____ | : | |
| VOESTALPINE USA CORP. | : | |
| BILSTEIN COLD ROLLED STEEL LP, | : | |
| | : | |
| Plaintiffs, | : | Court No.  21-00290 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, the United States, respectfully submits this reply in response to plaintiffs' Voestalpine USA Corp. (Voestalpine) and Bilstein Cold Rolled Steel LP (Bilstein), (collectively plaintiffs), response to our motion to dismiss.

**<u>INTRODUCTION</u>**

Plaintiffs have not established that the Court of International Trade has jurisdiction over their claim that Commerce issued and failed to correct a Section 232 exclusion containing an invalid tariff number, which they allege led to the assessment of Section 232 duties on their two entries.  Because Commerce rectified the error, corrected the exclusion, and gave the corrected exclusion retroactive application covering the dates of the original exclusion, plaintiffs received all the relief to which they are entitled.  This case should, therefore, be dismissed as moot.  This case presents virtually identical facts and circumstances as those presented in *Voestalpine USA Corp. v. United States*, Slip op. 21-108, 2021 WL 3783100 (Consol. Ct. No. 20-03829) (Aug. 26,

2021)[1] (*Voestalpine I*), and the same outcome is warranted here: dismissal of the complaint as moot.

Despite the uncontroverted facts that require dismissal of this case for mootness, plaintiffs contend that their action is not moot because they are entitled to a refund of Section 232 duties on their two entries for which liquidation is final.  For the reasons explained in our opening brief and below, this case should be dismissed.

## **BACKGROUND**

Although the background of this case is set forth in our opening brief, we highlight a few pertinent points below.

### **A.  Commerce's Role And CBP's Role In The Exclusion Process**

Commerce may approve a request from an importer for a product-specific exclusion from Section 232 duties.  *Proclamation 9705, Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 11,625, 11,627 (Mar. 8, 2018) (Proclamation 9705).  The importer must comply and attest to the accuracy of certain requirements in the request including the "submitter's name, date of submission, and the 10–digit Harmonized Tariff Schedule of the United States (HTSUS) statistical reporting number."  15 C.F.R. Pt. 705, Supp. 1 at (c)(2) (effective Mar. 19, 2018).  When Commerce approves an exclusion, the importer must seek to apply the exclusion to its entries.  *Id.* at (h)(2)(iii)(B).  In order to apply the exclusion to particular products in specific entries, an importer must comply with CBP's procedure and CBP will determine if the exclusion is applicable to a given entry.  *Id.* at (h)(3)(ii). "The U.S. Department of Commerce does not provide refunds on tariffs.  Any questions on the refund of duties should be directed to CBP."  15 C.F.R. Pt. 705 Supp. 1 ¶ (h)(2)(iii)(B).

---

[1]  Plaintiffs in *Voestalpine I* moved for reconsideration, relief from judgment and to amend the complaint.  That motion is currently pending before this Court.

Exclusions from Section 232 duties are applied only to entries "with respect to which liquidation is not final." *Proclamation 9777, Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 45,025, 40,028 (Aug. 29, 2018) (Proclamation 9777).  CBP issued a number of Cargo Systems Messaging Service (CSMS) messages as guidance setting forth the specific procedures to be followed in order to apply an exclusion to an entry.  CSMS No. 18-000352 (May 21, 2018)[2]; CSMS No. 18-000378 (June 12, 2018)[3]; CSMS No. 39633923 (Sept. 3, 2019).[4] CBP also provided guidance for retroactive exclusion claims, CSMS No. 42566154 – Section 232 and Section 301 – Extension Requests, PSCs, and Protests.[5]  The guidance "advise[d] the trade community on the process for submitting retroactive claims for Section 232 …product exclusions to CBP."  *Id.*  The guidance reiterated that "Section 232…product exclusions granted by [Commerce]…may be retroactive for unliquidated entries and for entries that are liquidated but where the liquidation is not final and the protest period has not expired," so long as the importer took corrective action by filing a Post Summary Correction (PSC) or a timely protest.

---

[2]  *Available at:*
https://content.govdelivery.com/accounts/USDHSCBP/bulletins/1f1986e?utm_source=google&utm_medium=google&utm_term=(not%20provided)&utm_content=undefined&utm_campaign=(not%20set)&gclid=undefined&dclid=undefined&GAID=145228974.1610464220 (last visited Nov. 22, 2021).
[3]  *Available at:*
https://content.govdelivery.com/accounts/USDHSCBP/bulletins/1f6cce3?utm_source=google&utm_medium=google&utm_term=(not%20provided)&utm_content=undefined&utm_campaign=(not%20set)&gclid=undefined&dclid=undefined&GAID=145228974.1610464220 (last visited Nov. 22, 2021).
[4]  *Available at*:
https://content.govdelivery.com/accounts/USDHSCBP/bulletins/25cc403?utm_source=google&utm_medium=google&utm_term=(not%20provided)&utm_content=undefined&utm_campaign=(not%20set)&gclid=undefined&dclid=undefined&GAID=145228974.1610464220 (last visited Nov. 22, 2021).
[5]  *Available at:*
https://content.govdelivery.com/accounts/USDHSCBP/bulletins/289820a?utm_source=google&utm_medium=google&utm_term=(not%20provided)&utm_content=undefined&utm_campaign=(not%20set)&gclid=undefined&dclid=undefined&GAID=145228974.1610464220 (last visited Nov. 22, 2021).

*Id.*  The guidance also provided information for importers with pending exclusion requests who wished to extend the time of liquidation of affected entries.  *Id.*

### B.  The Exclusion In This Case

On December 9, 2018, Bilstein requested an exclusion (BIS-2018-0006-103928) that included an invalid tariff number that it represented was accurate.  Exh. A to Def. Motion.[6] Commerce was unaware of Bilstein's mistake and approved the exclusion with the invalid tariff number on May 10, 2019.  Exh. B to Def. Motion.  Shortly after Commerce approved the request, Bilstein apparently noted that the tariff number was incorrect.  Compl. at ¶ 16.  Plaintiffs did not apply the granted exclusion to either of their two entries at issue in this case (entered on December 9, 2018 and January 1, 2019).  Plaintiffs did not file PSCs or request an extension of liquidation for the entries.  As a result, plaintiffs' entries liquidated with the assessment of Section 232 duties on November 8, 2019 and December 6, 2019.  Exh. C to Def. Motion. Plaintiffs did not file a protest of the liquidations.  The liquidation of the entries became final and conclusive 180-days later in May and June 2020.  19 U.S.C. § 1514(a).

Bilstein took corrective action on November 23, 2020, when it submitted a new exclusion request (BIS 163906) with the correct tariff number and that was otherwise identical to the original request.  Compl. at ¶ 20; Exh. D to Def. Motion.  Commerce granted the new request with the correct tariff number on December 31, 2020.  Exh. E to Def. Motion.  On January 21, 2021, Bilstein requested that Commerce make the new exclusion retroactive to the date of the original exclusion request, December 9, 2018.  Commerce approved that request on January 30, 2021, and posted the granted exclusion on February 2, 2021, with retroactive applicability to December 9, 2018.  Exh. F to Def. Motion.

---

[6] The referenced exhibits are attached to Defendant's Motion to Dismiss.  Dkt. no. 17.

Plaintiffs have already received complete relief from Commerce in the form of a corrected exclusion that has retroactive applicability to the time of the original exclusion. That plaintiffs cannot apply the exclusion to its two entries because they did not take action to prevent the liquidation of their entries from becoming final does not preclude dismissal of this action.

## ARGUMENT

### I.   Plaintiffs' Challenge To Commerce's Exclusion Is Moot

Plaintiffs assert that we do not take issue with subject matter jurisdiction under Section 1581(i), and that "jurisdiction exists under Section 1581(i) in this case, as this Court held in *Voestalpine I*." Pls. Br. at 2. Plaintiffs are mistaken on both counts. While subject matter jurisdiction over a challenge to final agency action is within the scope of 28 U.S.C. § 1581(i), the Court lacks jurisdiction in this case because there is no live case or controversy. "Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). This action is legally indistinguishable from *Voestalpine I*, which dismissed the case on the grounds of mootness, and this Court should arrive at the same conclusion.

Plaintiffs in this case challenge Commerce's issuance and failure to correct an erroneous HTSUS number in the granted Section 232 exclusion. As such, this action challenges Commerce's administration and enforcement of the Section 232 exclusion process under Section 1581(i)(4). Compl. at ¶ 4; *Voestalpine I*, at *9. Similar to *Voestalpine I*, plaintiffs seek to challenge "final agency action in the form of Commerce's approval of [the] Exclusion [] with the non-existent HTSUS number." *Id.* at *6. The Court reviews such actions under Section 1581(i), and a Court may remand for reconsideration an agency action found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

*Voestalpine I* involved Commerce's approval of an exclusion request submitted by Bilstein that contained a nonexistent ten-digit HTSUS provision and identified the incorrect importer of record. *Voestalpine I*, at *4. Bilstein later filed a corrected second exclusion request. Commerce granted the exclusion and made it retroactive to the date on which Bilstein submitted its original exclusion request with the erroneous HTSUS number. *Id.* at *5. This Court found that "the appropriate remedy for Commerce's alleged improper grant of [the exclusion] would be to remand that determination to Commerce for reconsideration consistent with the agency's regulations and procedures." *Id.* at *10 (citations omitted). But because Commerce had already corrected the exclusion containing the invalid tariff provision, by issuing a corrected exclusion with application back to the date of the original exclusion, there was no additional relief that Commerce could provide. *Id.* at *2, *10. Accordingly, this Court held that "Plaintiffs' claim is moot and therefore [this Court] grants the Government's motion to dismiss for lack of subject matter jurisdiction." *Id.* at *2.

The same analysis applies here. This case involves the same plaintiffs raising virtually the same claims on essentially the same facts. Bilstein submitted an exclusion request with a nonexistent ten-digit HTSUS provision. Bilstein then later filed a corrected second exclusion request and Commerce granted the exclusion and made it retroactive to the date on which Bilstein submitted its original exclusion request with the erroneous HTSUS number. Just as this Court found in *Voestalpine I,* because Commerce can provide no further relief, this Court should dismiss this case.

Nevertheless, plaintiffs offer a host of other arguments in an attempt to persuade the Court that the case should not be dismissed. Plaintiffs here contend that Commerce failed to correct a "mere clerical error," an "obvious mistake." Pls. Br. at 5, 6. Like plaintiffs, Commerce

was unaware of Bilstein's mistake when it approved Bilstein's original exclusion request.  In

*Voestalpine I*, the Court considered this argument and concluded that although Commerce should

have denied Bilstein's original request, Bilstein obtained exactly the same relief from Commerce

as if it had denied the request, a corrected exclusion with a retroactive effective date.

*Voestalpine I,* at *10.  The result should be the same in this case.  While it is unfortunate that the

error in Bilstein's request was not identified at the outset, the error was corrected when plaintiffs

brought it to Commerce's attention and ultimately received the same relief – an approved

exclusion with the corrected HTSUS number and retroactive applicability.  Accordingly, the

controversy is now moot and the case should be dismissed.

## II.    **The Court May Dismiss This Case For Failure To State A Claim Upon Which Relief Can Be Granted Because Reliquidation Is Unavailable**

Despite Commerce providing the relief of a corrected exclusion with retroactive

application, plaintiffs argue that their claims are not moot.  Plaintiffs insist that their inability to

apply the corrected retroactive exclusion to the two entries at issue in this case is the direct result

of Commerce's approval of the original flawed exclusion.  Plaintiffs assert that because of the

flawed exclusion, Section 232 duties were assessed on their two entries and, therefore, plaintiffs

are entitled to refunds of those duties.  Pls. Br. at 4, 6; Compl. at ¶ 6.  Plaintiffs further assert that

the Court may order reliquidation of these now final entries in order to provide plaintiffs with the

relief they seek.  Pls. Br. at 4-5.

There is no dispute that the liquidations of the two entries are final and conclusive.  19

U.S.C. § 1514(a).  The reason that plaintiffs are precluded from applying the corrected exclusion

to obtain a refund of Section 232 duties is due to their own inaction prior to the liquidations

becoming final.  Application of an exclusion to any particular entry is not automatic.  Plaintiffs

fail to acknowledge that using an approved exclusion is a separate matter from obtaining an

exclusion from Commerce – one that requires plaintiffs' action and that must be addressed with CBP.  As explained previously, the relief that plaintiffs seek – a refund of duties – was within the purview of CBP.  15 C.F.R. Pt. 705, Supp. 1 (h)(2)(iii)(B) ("Commerce does not provide refunds on tariffs.  Any questions on the refund of duties should be directed to CBP.").  The importing community is aware that CBP has issued a series of CSMS messages to advise importers how to claim an exclusion pre- and post-importation.  *See e.g.*, CSMS No. 18-000352; CSMS No. 18-000378; CSMS No. 39633923.  Particularly relevant here, CBP specified the process for making retroactive claims for Section 232 product exclusions.  CSMS No. 42566154.  For covered merchandise that had already entered, CBP instructed importers to file PSCs, request an extension of liquidation or, if an entry had already liquidated, to file a protective protest as approved exclusions could only be applied to entries where liquidation was non-final.  *Id*.

In this case, the two entries were made while Bilstein's original exclusion request with the invalid tariff number was pending.  Bilstein submitted its request on December 9, 2018 and the two entries were made on December 9, 2018 (HK8-5208313-6) and on January 1, 2019 (HK8-5208603-0).  Commerce approved Bilstein's request on May 10, 2019.

Once Commerce approved the exclusion request on May 10, 2019, plaintiffs could have filed PSCs for both entries to inform CBP that an exclusion applied.  Although the tariff number on the approved exclusion and the entry documents would not have matched, at that point CBP and plaintiffs would have been alerted to the issue and plaintiffs could have then started taking corrective action.  Plaintiffs admit that "shortly after" the original exclusion was approved, "Bilstein noted that the HTSUS classification number was incorrect."  Compl. at ¶ 16.  Plaintiffs focus attention on Commerce's lack of guidance for correction of the mistake, however,

plaintiffs deflect their own responsibility in failing to act to preserve their ability to receive refunds once the error was discovered.

In accordance with CBP guidance, plaintiffs could also have sought an extension of liquidation for their two entries.  The entries did not liquidate until November 8, 2019 (HK8-5208313-6) and December 6, 2019 (HK8-5208603-0), leaving at least six months to request an extension from the time plaintiffs claim to have discovered the error shortly after May 10, 2019. Compl. at ¶ 16.  Plaintiffs argue that applying to extend liquidation would have been futile because they possessed an approved exclusion that they could not use.  Pls. Br. at 6.  Plaintiffs' futility argument is unavailing.

CBP does not make a decision on classification and the assessment of Section 232 duties until liquidation, which is "the final computation or ascertainment of duties on entries for consumption or drawback entries."  19 C.F.R. § 159.1.  Therefore, one of the reasons for extending liquidation is precisely the situation that exists in this case – an importer needs more time to obtain the information that may affect CBP's decision at liquidation.  Plaintiffs themselves agree that "extension of liquidation (19 CFR § 159.12(a)(1)) is for the purpose of providing additional time to obtain information."  Pls. Br. at 9.

However, plaintiffs claim that they had "no 'good cause' for requesting extension until they were notified of a suitable remedy."  Pls. Br. at 9.  Plaintiffs 'good cause' excuse is no more than an attempt to justify their inaction.  Efforts put towards correcting the exclusion in order to apply it to plaintiffs' entries is "good cause" for a request for an extension of liquidation.  CBP's liquidation decision would have been affected by an applicable corrected exclusion that plaintiffs were seeking from Commerce.  Plaintiffs have no reason to assume that, had they requested an

extension of liquidation from CBP on the ground that the exclusion needed to be corrected, CBP would have refused to grant it.

Plaintiffs' entries liquidated on November 8, 2019 (HK8-5208313-6) and December 6, 2019 (HK8-5208603-0).  At that time, in accordance with CBP's CSMS messages, plaintiffs could have protested the liquidation of the two entries with Section 232 duties within 180 days. 19 U.S.C. § 1514(c)(3).  Plaintiffs object to this course of action for the reason that that there is no authority for such a "protective protest" and that there is "no Customs decision to be protested."  Pls. Br. at 7.  However, this Court has recently acknowledged the need to file "protective protests to preserve [a plaintiff's] rights pending the USTR's consideration of the relevant exclusion requests."  *ARP Materials, Inc. v. United States*, 520 F. Supp. 3d 1341, 1353 (Ct. Int'l Trade 2021).  The protestable CBP decision in this case was the liquidation of plaintiffs' entries with the assessment of Section 232 duties under Heading 9903.80.01.  Exh. C to Def. Motion.  Plaintiffs could have filed a valid protest challenging "the classification and rate and amount of duties chargeable."  19 U.S.C. § 1514(a)(2).  Had plaintiffs protested, there would have been an opportunity to explain that they possessed an approved exclusion containing an error that plaintiffs were seeking to correct with Commerce.  If CBP denied such protest, plaintiffs would have had a remedy in this Court under 28 U.S.C. § 1581(a).

Plaintiffs also argue that they could not have protested because no improper liquidation is alleged.  Pls. Br. at 8.  However, because plaintiffs sought liquidation without the assessment of Section 232 duties, a protest would have been appropriate in this situation.  In fact, CBP's guidance consistently instructs importers to protest under such circumstances and CBP treats such protests as a mechanism to keep entries from becoming finally liquidated allowing an

exclusion to be applied at a later date.  But because plaintiffs did not protest the liquidation of the entries, the liquidations became final and conclusive.

Plaintiffs appear to dispute that they have a responsibility to protect their ability to receive refunds by acting to keep their entries from becoming finally liquidated.  Plaintiffs claim that *Alden Leeds Inc. v. United States*, 476 F. App'x 393, 396 (Fed. Cir. 2012) and *Juice Farms, Inc. v. United States*, 68 F.3d 1344, 1346 (Fed. Cir. 1995) are inapposite because they deal with liquidation in violation of Commerce instructions.  Pls. Br. at 8.  In our motion, we cited these cases for the proposition that "[A]ll liquidations, whether legal or not, are subject to the timely protest requirement.  Without timely protest, all liquidations become final and conclusive under 19 U.S.C. § 1514."  *Alden Leeds Inc. v. United States*, 476 F. App'x 393, 398 (Fed. Cir. 2012) (quoting *Juice Farms, Inc. v. United States*, 68 F.3d 1344, 1346 (Fed. Cir. 1995)).  This proposition holds true no matter the context and plaintiffs here could have protested the liquidation of their entries.

Once again, the *Voestalpine I* decision is instructive.  This Court considered plaintiffs' contention that their case was not moot because the Court could order relief in the form of reliquidation to allow refunds.  Plaintiffs in *Voestalpine I* had two entries on which they paid Section 232 duties.  *Voestalpine I*, at *4.  Those entries were liquidated with Section 232 duties and the liquidations became final.  *Id.*  In evaluating plaintiffs' claim to refunds, the Court noted that "[p]laintiffs fail to develop any arguments addressing reliquidation as a 'form of relief that is *appropriate* in [this] civil action.'"  *Id.* at *10 (emphasis in original) (ctiations omitted).  The Court found that plaintiffs' failure to pursue available remedies demonstrated that relief was not appropriate.  *Id*. at *11.

Specifically, in *Voestalpine I,* the Court enumerated the ways in which plaintiffs failed to take action. *Id.* at *11. First, plaintiffs did not seek to apply the flawed exclusion to the entries. If plaintiffs had tried to apply the exclusion with the invalid tariff number to the entries CBP would have rejected it, but the rejection would have alerted plaintiffs to the error in order to take immediate action. *Id.* Second, plaintiffs did not take any steps to correct the exclusion until approximately one year after Commerce approved the exclusion, when the exclusion was about to expire. *Id.* The Court concluded that plaintiffs "bear at least substantial responsibility for their failure to secure a valid exclusion within the time necessary for the exclusion to apply to the subject entries." *Id.*

The circumstances are similar in this case. Plaintiffs here did not seek to apply the exclusion to the entries, but admit to knowledge of the error soon after the exclusion with the invalid tariff number was approved. Compl. at ¶ 16. Despite knowing of the error, plaintiffs took no action to correct the exclusion until at least a year after the approval, when the exclusion was set to expire. While plaintiffs allege that Mr. Will Macklin of Bilstein requested guidance from BIS and CBP in May 2019, we are unable to confirm any such communication and believe that plaintiffs refer to an email occurring in May 2020, a year later. Compl. at ¶ 17. Bilstein acted to correct the exclusion by filing request 163906 with Commerce on November 23, 2020, after the entries had liquidated and became final in May and June 2020.

The Court in *Voestalpine I* also observed that plaintiffs failed to request an extension of liquidation or protest the liquidation of the entries to prevent finality of liquidation while plaintiffs resolved the error in the exclusion. *Voestalpine I,* at *11. The plaintiffs in that case did not take these steps although they were available before the end of the 180-day protest period. *Id.* Again, the circumstances here are similar to *Voestalpine I.* As discussed above, plaintiffs in

this case did not seek an extension of liquidation or protest the liquidation of the entries and allowed the liquidations to become final.

Accordingly, plaintiffs have not demonstrated that they are entitled to refunds of Section 232 duties and failed to state a claim upon which relief can be granted.

**III.    Plaintiffs' Challenge To The Original Exclusion Was Not Brought Within Two Years**

Actions pursuant to Section 1581(i), must be brought within two years of the accrual of the cause of action.  28 U.S.C. § 2636(i).   Generally, a cause of action accrues when "all events" necessary to state the claim, or fix the alleged liability of the Government, have occurred. *United States v. Commodities Export Co.*, 972 F.2d 1266, 1270 (Fed. Cir. 1992); *Mitsubishi Electronics America Inc. v. United States*, 44 F.3d 973, 977-78 (Fed. Cir. 1994).

Plaintiffs challenge the original exclusion with an invalid tariff number which was approved by Commerce on May 10, 2019.  Compl. ¶¶ at 4; 6; 12.  This action was commenced on June 18, 2021, which was more than two years later.  While plaintiffs are correct in noting that the two years do not carry a jurisdictional consequence, timeliness is an element of a section 1581(i) claim.  *Ford Motor Co. v. United States*, 811 F.3d 1371, 1377-78 (Fed. Cir. 2016). Because plaintiffs failed to file their complaint within two years after the cause of action accrued, this case may be dismissed because it is time-barred under Rule 12(b)(6).

Although plaintiffs challenge the grant of an exclusion with an erroneous tariff number, plaintiffs assert that their cause of action accrued when Commerce corrected the faulty exclusion and gave the corrected exclusion (163906) retroactive application in February 2021.[7]  Pls. Br. at 13.  However, plaintiffs do not challenge the corrected exclusion.  Plaintiffs cite no authority for

---

[7]   Plaintiffs' complaint asserts that "[t]his action was commenced less than two years after the dates of liquidation of the Entries and is therefore timely."  Compl. at ¶ 6.  CBP's liquidation is also not an appropriate date for the accrual of an action challenging Commerce's actions.

their theory of accrual and logically, a cause of action based on a challenge to the exclusion containing the invalid tariff number should not accrue upon the correction of the challenged exclusion.  Accordingly, plaintiffs do not meet the two-year filing requirement of a Section 1581(i) claim, providing an additional basis for this Court to dismiss the complaint.

## IV.    There Was No Intervening Legal Change That Warrants Reliquidation As A Remedy

Plaintiffs further argue that this Court may order reliquidation due to an intervening legal change because there was a "basic change of the legal status of the approved exclusion."  Pls. Br. at 11.  Specifically, according to plaintiffs, the "intervening development was Commerce's approval of Exclusion No. 163906 in December 2020 and its subsequent approval of Bilstein's request to apply that new approval retroactively in February 2021."  *Id.*  When Commerce corrected the exclusion, and allowed retroactive application, plaintiffs argue that "[a]t this point, only this Court can give effect to that intervening development."  *Id.*

What plaintiffs describe as an "intervening legal change" are merely the facts that require dismissal of the complaint on the ground of mootness.  Plaintiffs challenge the erroneous exclusion which was then corrected.  That plaintiffs cannot obtain the benefits they anticipated is not the result of an intervening legal change, but the result of their own inaction and failure to keep those entries' liquidations from becoming final and conclusive. 19 U.S.C. § 1514(a).

Plaintiffs assert that *ThyssenKrupp Steel North America v. United States*, 886 F.3d 1215 (Fed. Cir. 2018) is analogous to the situation here because there was an intervening legal development.  Pls. Br. at 11-12.  *ThyssenKrupp* is inapposite and involved instructions issued by Commerce that were superseded by later instructions due to a five-year sunset review resulting in the revocation of an antidumping duty order.  *ThyssenKrupp*, 886 F.3d at 1218-19.  Here, there was no change to the law and procedures governing Section 232 exclusions.  Rather, Bilstein

requested and received an exclusion containing an error, and the error was subsequently corrected.  Therefore, there is no reason for reliquidation and refund on this basis, as plaintiffs contend.

## **CONCLUSION**

For these reasons and those in our moving papers, we respectfully request that the Court dismiss the complaint in this action.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director

/s/ Aimee Lee
AIMEE LEE
Assistant Director
Department of Justice
Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, NY 10278
Tel: (212) 264-9253
*Attorneys for Defendants*

Of Counsel:

Kenneth Kessler
Senior Counsel
Office of the Chief Counsel
Bureau of Industry and Security
U.S. Department of Commerce

Yelena Slepak
Senior Attorney
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection
November 24, 2021

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the word limitation of Court of International Trade Standard Chambers Procedures § 2(B)(1) and contains approximately 4,228 words, excluding the parts of the brief exempted from the word limitation.  In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

/s/ Aimee Lee