Slip Op. 22-47

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| VOESTALPINE USA CORP. AND BILSTEIN COLD ROLLED STEEL LP, | |
| Plaintiffs, | |
| v. | Before: Mark A. Barnett, Chief Judge Consol. Court No. 20-03829 |
| UNITED STATES, | |
| Defendant. | |
| VOESTALPINE USA LLC AND BILSTEIN COLD ROLLED STEEL LP, | |
| Plaintiffs, | |
| v. | Before: Mark A. Barnett, Chief Judge Court No. 21-00290 |
| UNITED STATES, | |
| Defendant. | |

## OPINION AND ORDER

[In Consolidated Court No. 20-03829, granting Plaintiffs' motion for reconsideration of the court's prior opinion dismissing the action as moot; granting Defendant's motion to dismiss the action for failure to state a claim upon which relief may be granted; and denying Plaintiffs' motion for leave to amend the complaint as futile.  In Court No. 21-00290, denying Defendant's motion to dismiss for lack of subject matter jurisdiction; granting Plaintiffs' consent motion for leave to amend the complaint; and granting Defendant's motion to dismiss the action for failure to state a claim upon which relief may be granted.]

Dated: May 17, 2022

Lewis E. Leibowitz, The Law Office of Lewis E. Leibowitz, of Washington, D.C., argued for Plaintiffs.

<u>Aimee Lee</u>, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., argued for Defendant.  With her on the briefs were <u>Brian M. Boynton</u>, Acting Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, <u>Patricia M. McCarthy</u>, Director, and <u>Tara K. Hogan</u>, Assistant Director.  Of counsel on the briefs were <u>Kenneth S. Kessler</u>, Senior Counsel, Office of the Chief Counsel, Bureau of Industry and Security, U.S. Department of Commerce, of Washington, D.C., and <u>Yelena Slepak</u>, Senior Attorney, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, of Washington, D.C.

Barnett, Chief Judge: Plaintiffs[1] in these companion cases filed complaints seeking reliquidation of several entries of steel merchandise exclusive of duties imposed pursuant to section 232 of the Trade Expansion Act of 1962, 19 U.S.C. § 1862 (2018).[2]  Compl., ECF No. 1 (20-3829); Compl., ECF No. 2 (21-290).[3]  Plaintiffs based their requests for relief on the U.S. Department of Commerce ("Commerce") Bureau of Industry and Security's ("BIS") approval of exclusion requests, each containing the same invalid 10-digit subheading of the Harmonized Tariff Schedule of the United States ("HTSUS").  By the time Plaintiffs discovered the respective errors and obtained revised exclusions from BIS that were effective as of the date of the original requests, U.S. Customs and Border Protection ("Customs" or "CBP") had liquidated the entries at issue in each case and the liquidations had become final.  Plaintiffs now seek court-

---

[1] Bilstein Cold Rolled Steel LP ("Bilstein") is a plaintiff in each case.  Bilstein is joined by VoestAlpine USA Corp. ("VoestAlpine") in Court No. 20-3829 and by voestalpine USA LLC in Court No. 21-290.  For ease of reference, the court refers to these parties collectively as "Plaintiffs."
[2] Citations to the U.S. Code are to the 2018 version, unless otherwise stated.
[3] Throughout the opinion the court cites to ECF Nos. in both Court Nos. 20-3829 and 21-290.  When the Court No. is unclear from the text accompanying the citation, the court identifies the case in a parenthetical.

ordered reliquidation to obtain a refund of section 232 duties paid in connection with the entries in each case.

Pending in Court No. 20-3829 is Plaintiffs' motion for reconsideration of the court's opinion and judgment dismissing the action as moot and for leave to amend the complaint.  Pls.' Mot. for Relief from J., Recons. and Leave to Amend Consol. Compls. ("Pls.' Mot. Recons. 20-3829"), ECF No. 28; Reply Br. of Pls. in Supp. of Mot. for Recons., Relief from J. and to Amend the Compl. ("Pls.' Reply Recons. 20-3829"), ECF No. 30; *see generally VoestAlpine USA Corp. v. United States* ("*VoestAlpine I*"), 45 CIT __, 532 F. Supp. 3d 1379 (2021) (finding statutory subject matter jurisdiction pursuant to 28 U.S.C. § 1581(i) but dismissing Plaintiffs' claim as moot).

Pending in Court No. 21-290 is the Government's motion to dismiss the action pursuant to U.S. Court of International Trade ("USCIT" or "CIT") Rules 12(b)(1) and 12(b)(6).  Def.'s Mot. to Dismiss ("Def.'s Mot. Dismiss 21-290"), ECF No. 17; Def.'s Reply in Supp. of its Mot. to Dismiss, ECF No. 19.  Also pending is Plaintiffs' consent motion for leave to file a second amended complaint to remove one of the two entries in the action.  Pls.' Consent Mot. for Leave to Amend Compl. ("Pls.' Consent Mot. Amend 21-290"), ECF No. 22.

The facts and legal issues underlying each case are similar in relevant respects and, thus, the court resolves the pending motions in a single opinion.  For the reasons discussed herein, the court grants Plaintiffs' motion for reconsideration, vacates its opinion in *VoestAlpine I* dismissing Court No. 20-3829 as moot, and denies the Government's motion to dismiss Court No. 21-290 for lack of subject matter jurisdiction.

The court grants Plaintiffs' consent motion for leave to file a second amended complaint in Court No. 21-290, but nevertheless grants the Government's motions to dismiss both Court Nos. 20-3829 and 21-290 for failure to state a claim upon which relief may be granted.  The court denies Plaintiffs' contested motion for leave to file a second amended complaint in Court No. 20-3829 because the amendment would be futile.

**BACKGROUND**

**I.    Section 232 Duties and the Exclusion Process**

"Section 232 of the Trade Expansion Act of 1962 authorizes the President to restrict imports of goods to '[s]afeguard[ ] national security.'" *N. Am. Interpipe, Inc. v. United States*, 45 CIT __, __, 519 F. Supp. 3d 1313, 1319 (May 25, 2021) (alterations in original) (quoting 19 U.S.C. § 1862).  Pursuant to that authority, on March 8, 2018, the President announced a 25 percent tariff on imports of certain steel products, effective March 23, 2018.  *See* Proclamation 9705 of Mar. 8, 2018, cl. 1–2, 83 Fed. Reg. 11,625 (Mar. 15, 2018).  Proclamation 9705 identified certain six-digit tariff provisions that would be subject to section 232 duties.  *Id.*, cl. 1.[4]  In order to implement the increased duty rates, Proclamation 9705 modified subchapter III of chapter 99 of the HTSUS to add a new subheading, 9903.80.01, which provides for an additional 25 percent tariff on "all entries of iron or steel products from all countries, except products of Canada and of

---

[4] The subheadings included "7206.10 through 7216.50, 7216.99 through 7301.10, 7302.10, 7302.40 through 7302.90, and 7304.10 through 7306.90, including any subsequent revisions to these . . . classifications."  Proclamation 9705, cl. 1; *see also id.*, Annex (U.S. Note 16(b) (enumerating the affected tariff provisions)).  The covered articles are subject to section 232 duties in addition to other applicable duties.  *Id.*, cl. 2.

Mexico, classifiable in the headings or subheadings enumerated in this note." *Id.*, Annex (U.S. Note 16(a)).

Proclamation 9705 further authorized Commerce "to provide relief from the additional duties . . . for any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality" and "to provide such relief based upon specific national security considerations." *Id.*, cl. 3. Commerce must convey all exclusion determinations "to [CBP] for implementation . . . at the earliest possible opportunity." *Id.*, Annex (U.S. Note 16(c)).  Importers are required to "report information concerning any applicable exclusion granted by Commerce in such form as CBP may require." *Id.*, Annex (U.S. Note 16(d)).

The President twice amended the exclusion information provided in clause three of Proclamation 9705.  In Proclamation 9711, the President amended clause 3 to state that, "[f]or merchandise entered on or after the date the directly affected party submitted a request for exclusion, such relief shall be retroactive to the date the request for exclusion was posted for public comment."  Proclamation 9711 of Mar. 22, 2018, cl. 7, 83 Fed. Reg. 13,361 (Mar. 28, 2018).  In Proclamation 9777, the President amended clause three such that retroactive relief pursuant to a granted exclusion would extend to entries for "which liquidation is not final."  Proclamation 9777 of Aug. 29, 2018, cl. 5, 83 Fed. Reg. 45,025 (Sept. 4, 2018).

In 2018, BIS amended 15 C.F.R. pt. 705 to include rules for the administration of the exclusion process.  *See generally Requirements for Submissions Requesting Exclusions From the Remedies Instituted in Presidential Proclamations Adjusting*

*Imports of Steel Into the United States and Adjusting Imports of Aluminum Into the United States; and the Filing of Objs. to Submitted Exclusion Reqs. for Steel and Aluminum*, 83 Fed. Reg. 12,106 (Dep't Commerce Mar. 19, 2018) (interim final rule); *Submissions of Exclusion Reqs. and Objs. to Submitted Reqs. for Steel and Aluminum*, 83 Fed. Reg. 46,026 (Dep't Commerce Sept. 11, 2018) (interim final rule); *see also* 15 C.F.R. pt. 705, Supp. 1 (eff. Sept. 11, 2018).  The regulations that were in effect when the entries at issue were made state that exclusion requests must be filed by an individual or organization "using steel in business activities . . . in the United States" and include "the submitter's name, date of submission, and the 10-digit [HTSUS] statistical reporting number."  15 C.F.R. pt. 705, Supp. 1(c)(1).  Commerce's approval of an exclusion is limited to the product specified in the request and the "individual or organization that submitted the specific exclusion request, unless Commerce approves a broader application of the [exclusion]."  *Id.* pt. 705, Supp. 1(c)(2).  Companies may "submit[] a request for exclusion of a product even though an exclusion request submitted for that product by another requester or that requester was denied or is no longer valid."  *Id.*  Commerce must deny "[e]xclusion requests that do not satisfy the [specified reporting] requirements."  *Id.* pt. 705, Supp. 1(h)(1)(i).  With respect to refunds, the regulations state that "Commerce does not provide refunds on tariffs" and "[a]ny questions on the refund of duties should be directed to CBP."  *Id.* pt. 705, Supp. 1(h)(2)(iii)(B)

Both Customs and Commerce issued guidance to importers seeking exclusions. Customs issued several Cargo Systems Messaging Service ("CSMS") messages on the

proper submission of approved exclusions.  On May 21, 2018, Customs issued

guidance stating that "[e]xclusions granted by [Commerce] are retroactive on imports to

the date the request for exclusion was posted for public comment at Regulations.gov."

U.S. Customs and Border Prot., CSMS # 18-000352 - Submitting Imports of Products

Excluded from Duties on Imports of Steel or Aluminum, https://content.govdelivery.com/

accounts/USDHSCBP/bulletins/1f1986e (May 21, 2018, 8:41 AM) ("CSMS # 18-

000352").  Thus, "[t]o request an administrative refund for previous imports of excluded

products granted by [Commerce], importers may file a [post summary correction

("PSC")]."  *Id.*  If, however, "the entry has already liquidated, importers may protest the

liquidation."  *Id.*  Subsequent CSMS messages reiterated that exclusions may be

applied retroactively to unliquidated entries and to entries that have liquidated when the

liquidation is nonfinal and the protest period has not expired.  *See* U.S. Customs and

Border Prot., CSMS # 42566154 – Section 232 and Section 301 – Extensions Reqs.,

PSCs, and Protest, https://content.govdelivery.com/accounts/USDHSCBP/bulletins/

289820a (May 1, 2020, 5:05 PM); U.S. Customs and Border Prot., CSMS # 39633923 -

UPDATE: Submitting Imports of Products Excluded from Duties on Imports of Steel or

Aluminum, https://content.govdelivery.com/accounts/USDHSCBP/bulletins/25cc403

(Sept. 3, 2019, 11:08 AM); U.S. Customs and Border Prot., CSMS # 18-000378 -

UPDATE: Submitting Imports of Products Excluded from Duties on Imports of Steel or

Alumin [sic], https://content.govdelivery.com/accounts/USDHSCBP/bulletins/1f6cce3

(June 5, 2018, 3:37 PM).

In June 2019, Commerce published guidance on the section 232 exclusion process.  BUREAU OF INDUS. AND SEC., U.S. DEP'T COMMERCE, 232 EXCLUSION PROCESS FREQUENTLY ASKED QUESTIONS (FAQs) (June 19, 2019), https://www.bis.doc.gov/ index.php/documents/section-232-investigations/2409-section-232-faq/file.  Therein, Commerce explained that a company in receipt of an approved exclusion should provide CBP with information concerning the importer of record listed in the exclusion and the "product exclusion number."  *Id.* at 12.  Commerce indicated that "an exclusion is granted for one year from the date of signature, or until all excluded product volume is imported (whichever comes first)."  *Id.*  Companies "cannot make substantive changes to their exclusion request after submission" but may make "non-substantive changes," such as changes to the importer of record.  *Id.* at 18.  Commerce further stated that it could revoke a granted exclusion "if there was a technical issue that resulted in an inadvertent approval."  *Id.* at 13.  Commerce also provided guidance on the resubmission of denied exclusion requests, including requests that were denied for HTSUS errors.  *Id.* at 25.  Resubmissions may apply retroactively "to [the] original submission date for refund purposes."  *Id.*

## II.   Factual and Procedural History

Plaintiffs commenced Court No. 20-3829 on November 10, 2020.  Summons, ECF No. 2; Compl.  Plaintiffs filed an amended complaint on November 12, 2020, that corrected paragraph numbering.  [Am.] Compl. ("Am. Compl. 20-3829"), ECF No. 8.[5]

---

[5] The court consolidated Court No. 20-3829 and Court No. 20-3840 with Court No. 20-3829 operating as the lead case.  Order (Jan. 28, 2016), ECF No. 14.

BIS's approval of the revised exclusion and grant of retroactive application occurred after Plaintiffs commenced the action and amended their complaint.  Def.'s Mot. Dismiss 20-3829, Exs. E–F.

Plaintiffs commenced Court No. 21-290 on June 18, 2021.  Summons, ECF No. 1; Compl.  By then, BIS had already taken the corrective steps outlined above (i.e., approving the revised exclusion request with retroactive effect).  Compl. ¶ 15.  Plaintiffs filed an amended complaint on September 17, 2021, that corrected paragraph numbering.  [Am.] Compl., ECF No. 15.  On February 28, 2022, after briefing on the Government's motion to dismiss had concluded, Plaintiffs requested leave to file a second amended complaint to remove one of the entries because it "has been determined after review not to be covered by the approved exclusions at issue in this case" and "was mistakenly included in this action."  Pls.' Consent Mot. Amend 21-290 at 1; *id.*, Ex. 2 (proposed amended complaint ("2nd Am. Compl. 21-290")), ECF No. 22-2. The Government consented to the motion provided the court did not require a response to the second amended complaint and considered briefing on the motion to dismiss in connection with the second amended complaint.  *See* Pls.' Consent Mot. Amend 21-290 at 2; *id.*, Ex. 1 (proposed order), ECF No. 22-1.

The operative complaints[6] emphasize BIS's allegedly unlawful act in approving— instead of denying—the flawed exclusion requests and seek to hold BIS responsible for

---

[6] As discussed *infra*, the court grants Plaintiffs' consent motion for leave to file a second amended complaint in Court No. 21-290.  Thus, the court cites to the allegations therein and to the allegations contained in the first amended complaint filed in Court No. 20-3829.

the delay that Plaintiffs allege prevented them from applying the revised exclusions to

the identified entries.  In Court No. 20-3829, in which the complaint is particularly bereft

of details, Plaintiffs allege that BIS approved an exclusion with a non-existent HTSUS

provision.  Am. Compl. 20-3829 ¶ 11.  Plaintiffs also acknowledge that the importer of

record and port of entry listed in Bilstein's original exclusion request were incorrect but

allege that these inconsistencies were immaterial.  *Id.* ¶¶ 16, 18–19.  Plaintiffs claim that

the Government "wrongfully failed to refund" the section 232 duties, *id.* ¶ 20, and that

"BIS has refused to assist in securing refund of the duties," *id.* ¶ 21.  Plaintiffs seek a

judgment holding that the revised exclusion applies to its entries and that the

Government must reliquidate the entries and refund the section 232 duties.  *Id.* at 4–5

(prayer for relief).

   In Court No. 21-290, Plaintiffs likewise allege that BIS approved an exclusion

request with a non-existent HTSUS provision.  2nd Am. Compl. 21-290 ¶¶ 12–13.

Plaintiffs further allege that "[s]hortly after" BIS approved the original exclusion request,

"Bilstein noted that the HTSUS classification number was incorrect" and that the error

traced to Bilstein's request.  *Id.* ¶ 16.  Plaintiffs complain that "BIS was required to

review all exclusion requests before posting" but "failed to do so."  *Id.*  Plaintiffs allege

that, in May 2019,[7] they contacted BIS seeking guidance about correcting an HTSUS

---

[7] The Government disputes this allegation and asserts that Plaintiffs did not contact BIS
until May 2020.  Def.'s Mot. Dismiss 21-290 at 20; *see also* Resp. to the Court's Req. at
1, App. 1, ECF Nos. 25, 25-1 (21-290) (cover letter and copy of email showing that
Bilstein contacted BIS on May 19, 2020, to request information on correcting exclusions
containing incorrect tariff provisions).  The court need not and, therefore, does not
resolve this factual dispute to resolve the pending motions.

error in an exclusion and fault the clarity of the guidance they allegedly received.  *Id.*

¶ 17.  Plaintiffs followed up with BIS in August 2020 and submitted a revised exclusion

request to BIS on November 23, 2020.  *Id.* ¶¶ 19–20.  BIS approved the revised

exclusion request on December 31, 2020.  *Id.* ¶ 20.  On February 2, 2021, BIS

approved Bilstein's request to render the exclusion effective as of December 9, 2018,

the date of Bilstein's original submission.  *Id.*; *see also* Def.'s Mot. Dismiss 21-290, Ex.

F (BIS decision on retroactivity).[8]  Plaintiffs' entry liquidated before BIS approved the

revised exclusion.  2nd Am. Compl. 21-290 ¶ 21.  Plaintiffs claim that both the original

and revised exclusions apply to the entry "with the exception of the HTSUS

classification number in the first [e]xclusion."  *Id.* ¶ 25.  Plaintiffs also claim that BIS

failed to "publish any regulation" on correcting HTSUS provisions, *id.* ¶ 26, failed to

"notify Plaintiffs of any mechanism to obtain refunds" before liquidation, and "had the

authority to correct the erroneous HTSUS classification number at any time," *id.* ¶ 27.

Plaintiffs claim that the Government "is wrongfully in possession of the [s]ection 232

duties" VoestAlpine paid on the entry.  *Id.* ¶ 28.  Plaintiffs seek a judgment holding that

both exclusions apply to the entry and that the Government must reliquidate the entry

and refund the section 232 duties.  *Id.* at 10 (prayer for relief).

Plaintiffs' complaints fail to cite legal authority for the respective claims alleged

therein but may reasonably be read to make out a claim against Commerce pursuant to

---

[8] BIS's decision memorandum is dated January 30, 2021.  Def.'s Mot. Dismiss 21-290, Ex. F.  The difference between the memorandum and Plaintiffs' allegation may reflect the time between BIS's approval and posting of the decision and is immaterial for purposes of resolving the pending motions.  *See id.* at 11.

the Administrative Procedure Act ("APA") for unlawful "final agency action for which

there is no other adequate remedy in a court."  5 U.S.C. § 704.[9]  The procedural history

of these cases reflects that understanding.

     The Government first moved to dismiss Court No. 20-3829, arguing, *inter alia*,

that: 1) any challenge to BIS's grant of the original exclusion with an invalid HTSUS

provision was moot because BIS issued a revised exclusion effective as of the date of

the original submission, and 2) Plaintiffs failed to state a cognizable claim against the

Government because the complaint does not identify unlawful final agency action by

Commerce or CBP and Plaintiffs' own inaction resulted in the final assessment of

section 232 duties.  Def.'s Mot. to Dismiss ("Def.'s Mot. Dismiss 20-3829") at 22–28,

ECF No. 19.  In their opposing brief, Plaintiffs argued that although "the true nature of

this action *is* a challenge to the approval by BIS of a fatally flawed and therefore useless

steel product exclusion," Pls.' Resp. to Def.'s Mot. to Dismiss Compls. ("Pls.' Opp'n

Dismiss 20-3829") at 24–25, ECF No. 21 (emphasis added), the case was not moot

because the court retains the "authority to order reliquidation of entries notwithstanding

final liquidation," *id.* at 28.[10]  The court agreed with the Government that the sole claim

---

[9] In cases brought pursuant to the court's jurisdiction pursuant to 28 U.S.C. § 1581(i), the court applies the standard of review set forth in the APA.  28 U.S.C. § 2640(e) (cross-referencing 5 U.S.C. § 706).  Section 706 directs the court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).
[10] Plaintiffs relied, in part, on the court's remedial statute, which provides that the CIT may "order any other form of relief that is appropriate in a civil action, including, but not limited to, declaratory judgments, orders of remand, injunctions, and writs of mandamus and prohibition."  28 U.S.C. § 2643(c)(1).

alleged was moot because Plaintiffs had received all the relief available to them and dismissed the action accordingly.  *VoestAlpine I*, 532 F. Supp. 3d at 1392–95.

Plaintiffs seek reconsideration of that decision.  Pls.' Mot. Recons. 20-3829.  The Government opposes the motion.  Def.'s Resp. to Pls.' Mot. for Relief from J., Recons. and Leave to Amend the Consol. Compls. ("Def.'s Opp'n Recons. 20-3829"), ECF No. 29.

Following the court's opinion in *VoestAlpine I*, the Government moved to dismiss Court No. 21-290.  *See* Def.'s Mot. Dismiss 21-290.  The Government argues, *inter alia*, that: 1) any challenge to Commerce's original exclusion decision underlying that case is likewise moot, *id.* at 14–16, and 2) Plaintiffs failed to state a cognizable claim for relief because their failure to take any action to prevent finality of liquidation bars the refund of section 232 duties by operation of 19 U.S.C. § 1514(a),[11] *id.* at 17–19.  The Government also argues that Plaintiffs' failure to pursue the administrative options available to them to keep their entries open precludes court-ordered reliquidation and, on that basis, Plaintiffs failed to state a claim entitling them to any relief.  *Id.* at 19–21. Plaintiffs oppose the motion, arguing that the action is not moot largely for the same reasons provided in briefing filed in Court No. 20-3829.  *See* Pls.' Opp'n Dismiss 21-290 at 4–5.  Plaintiffs further contend that Commerce could have corrected the HTSUS error, the circumstances did not require a protest, and BIS's approval of the revised

---

[11] Section 1514(a) provides for the finality of certain "decisions of the Customs Service, including the legality of all orders and findings entering into the same . . . unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest . . . is commenced in the [CIT]."  19 U.S.C. § 1514(a).

exclusion constitutes an "intervening legal development" meriting reliquidation.  *Id*. at

11–12 (citing *ThyssenKrupp Steel N. Am. v. United States*, 886 F.3d 1215, 1222 (Fed.

Cir. 2018)).[12]

On March 8, 2022, the court heard oral argument on the pending motions.

Docket Entry, ECF No. 34 (20-3829); Docket Entry, ECF No. 24 (21-290).

### JURISDICTION

The court has statutory subject matter jurisdiction pursuant to 28 U.S.C.

§ 1581(i)(1)(D) (2018 & Supp. II 2020).  Section 1581(i) grants the court jurisdiction to

entertain "any civil action commenced against the United States, its agencies, or its

officers, that arises out of any law of the United States providing for— . . . (D)

administration and enforcement with respect to the matters referred to in subparagraphs

(A) through (C) of this subsection and subsections (a)–(h) of this section."  *Id.*

§ 1581(i)(1)(D).

### DISCUSSION

Article III of the U.S. Constitution limits the court to resolving "legal questions only

in the context of actual 'Cases' or 'Controversies.'"  *Alvarez v. Smith*, 558 U.S. 87, 92

(2009) (quoting U.S. CONST. art. III, § 2).  The "case-or-controversy limitation on federal

judicial authority underpins both . . . standing and . . . mootness jurisprudence."  *Friends*

*of Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000) (internal

---

[12] The Government also argued that the actions should be dismissed as time barred.
Def.'s Mot. Dismiss 21-290 at 17; Def.'s Reply in Supp. of its Mot. to Dismiss at 14–15,
ECF No. 23 (20-3829).  Plaintiffs' failure to state a cognizable claim obviates any need
to address this alternative argument for dismissal.

citation omitted).  Thus, the court first addresses Plaintiffs' motion for reconsideration in Court No. 20-3829 and the Government's motion to dismiss for lack of subject matter jurisdiction in Court No. 21-290 because both motions turn on whether these cases satisfy the Article III case-or-controversy requirement that the court be able to provide effective relief.  After concluding that the complaints survive dismissal pursuant to USCIT Rule 12(b)(1), the court considers the Government's arguments pursuant to USCIT Rule 12(b)(6), and finds those arguments dispositive.

### I.   Availability of Relief

Plaintiffs seek reconsideration of the court's dismissal of Court No. 20-3829 as moot pursuant to USCIT Rules 59(a)(1)(B) and 60(b)(1).  Pls.' Reply Recons. 20-3829 at 1–2; *see also* Pls.' Mot. Recons. 20-3829 at 4, 8 (citing USCIT Rules 59 and 60(b) generally).[13]  Pursuant to USCIT Rule 59(a)(1)(B), "[t]he court may, on motion, grant a new trial or rehearing on all or some of the issues -- and to any party -- . . . after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."  USCIT 60(b)(1) provides for relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect."[14]

Reconsideration is appropriate to correct "a significant flaw in the conduct of the original proceeding" but is not intended "to allow the losing party to reargue its case."

---

[13] Plaintiffs also cite USCIT Rule 59(e) as grounds for altering or amending the judgment, *see* Pls.' Reply Recons. 20-3829 at 2, 4; however, USCIT Rule 59(e) speaks only to the timing of such a motion, not the basis for any such motion.

[14] Rule 59 motions are due within 30 days of the court's entry of judgment.  USCIT Rule 59(b).  Rule 60(b)(1) motions must be filed "no more than a year after the entry of the

Court Nos. 20-03829, 21-00290                                          Page 16

*Acquisition 362, LLC v. United States*, 45 CIT __, 539 F. Supp. 3d 1251, 1255–56

(2021) (citations omitted), *appeal docketed*, No. 22-1161 (Fed. Cir. Nov. 12, 2021).

"The decision whether to grant reconsideration lies largely within the discretion of the

[lower] court."  *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir.

1990).  In this case, the court has reconsidered its position that Plaintiffs' claim in Court

No. 20-3829 is moot.

      The standard for demonstrating mootness is "demanding," *Mission Prod.*

*Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1660 (2019), and requires a

showing that "an event [has occurred] while a case is pending on appeal that makes it

impossible for the court to grant 'any effectual relief whatever' to a prevailing party,"

*Nasatka v. Delta Scientific Corp.*, 58 F.3d 1578, 1580 (Fed. Cir. 1995) (quoting *Church*

*of Scientology v. United States*, 506 U.S. 9, 12 (1992)); *see also, e.g.*, *Mills v. Green*,

159 U.S. 651, 653 (1895) (stating that when the facts—either on the record or "proved

by extrinsic evidence"—show that an intervening event "renders it impossible for [the]

court . . . to grant . . any effectual relief whatever, the court . . . will dismiss the appeal").

      The court has observed that "[w]hat constitutes 'appropriate relief'" pursuant to

28 U.S.C. § 2643(c)(1) "is a case-specific determination."  *In re Section 301 Cases*, 45

CIT __, __, 524 F. Supp. 3d 1355, 1377 n.14 (2021) (Barnett, C.J., dissenting) ("*In re*

*Section 301 PI Slip Op.*").  A finding that reliquidation constitutes an appropriate form of

relief in a given case defeats an assertion of mootness.  *See Shinyei Corp. v. United*

---

judgment."  USCIT Rule 60(c)(1).  Plaintiffs filed their motion within 22 days of the
court's entry of judgment.  *See* Docket, ECF Nos. 27–28.

*States*, 355 F.3d 1297, 1312 (Fed. Cir. 2004).[15]  This case presents a different question,

however: whether the court must decide the appropriateness of reliquidation in the

context of the Article III case-or-controversy requirement, as it did in *VoestAlpine I*, or

whether the court should find the requirement satisfied to the extent that reliquidation is

within the court's statutory authority to order pursuant to 28 U.S.C. § 2643(c)(1) in an

appropriate case.  Upon further consideration, the court reaches the latter conclusion.

The court finds instructive *Rhone Poulenc, Inc. v. United States*, 880 F.2d 401

(Fed. Cir. 1989).  In the CIT opinion underlying that appeal, the court relied on *United*

*States v. Torch Manufacturing Co.*, 509 F.2d 1187 (CCPA 1975),[16] to find that the CIT

lacked jurisdiction to entertain a motion for reconsideration filed outside the 30-day

timeframe provided for such motions in 28 U.S.C. § 2646 (1982).  *See Rhone Poulenc*,

880 F.2d at 403.  In *Torch*, the CCPA had concluded that the 30-day statutory deadline

for filing motions for a retrial or rehearing in the Customs Court (predecessor to the CIT)

was jurisdictional and, because the Customs Court "lack[ed] equitable powers, and

there was at the time no court rule 60(b)," the Customs Court lacked jurisdiction to

entertain an untimely motion.  *Rhone Poulenc*, 880 F.2d at 405 (citing *Torch*, 509 F.2d

---

[15] *Shinyei* held that the CIT retained jurisdiction pursuant to 28 U.S.C. § 1581(i) to address Shinyei Corporation of America's ("Shinyei") APA claim challenging Commerce's liquidation instructions issued after litigation regarding an administrative review of the antidumping duty order notwithstanding Customs' liquidation of Shinyei's entries.  355 F.3d at 1305–12.  The appellate court found that the action was not moot because reliquidation was not otherwise barred by statute and was "easily construed" as an appropriate form of relief.  *Id.* at 1312.

[16] The U.S. Court of Customs and Patent Appeals ("CCPA") was the predecessor to the Federal Circuit.

at 1189, 1192) (footnote omitted).  In *Rhone Poulenc*, the appellate court held that the

enactment of 28 U.S.C. § 1585, which confers on the CIT "all the powers in law and

equity of, or as conferred by statute upon, a district court of the United States,"

overruled *Torch* and, thus, the CIT could entertain a Rule 60(b) motion filed 33 days

after the judgment dismissing the action.  *Id*. at 405–06.

While the legal issues addressed in *Rhone Poulenc* are distinct, in reaching its

decision the Federal Circuit made several relevant observations.  The court noted the

"fundamental distinction between a court's subject matter jurisdiction and its equitable

powers," such that "[t]he former must exist before the latter may be exercised."  *Id*. at

402.  In other words, while subject matter jurisdiction "concerns the authority of a court

to hear and decide [a case]," the court's equitable powers "concern[] the remedial relief

a court having that authority may grant."  *Id.*  More pointedly, the court explained that

"[e]quitable remedial powers," including the authority conferred by 28 U.S.C.

§ 2643(c)(1), "aid a court in the exercise of its subject matter jurisdiction" but "are not

themselves jurisdictional predicates."  *Id*. at 407; *see also id*. at 408 n.19 ("The court's

exercise of its informed discretion in the employment of all its equity powers in future

cases cannot but aid its conduct of the judicial process.").

*Rhone Poulenc* suggests that the court should not convert its decision on the

appropriateness of reliquidation in a given case into a "jurisdictional predicate[]" and

should instead consider the possibility of reliquidation sufficient for purposes of the

Article III case-or-controversy requirement.  *Cf. id*. at 407–08.  The Federal Circuit

further indicated that the court should consider the appropriateness of reliquidation in

connection with Plaintiffs' claim for such relief and not as a jurisdictional matter in

*Confederacion De Asociaciones Agricolas Del Estado De Sinaloa, A.C. v. United*

*States*, 2022 WL 1112233 (Fed. Cir. Apr. 14, 2022).

In *Confederacion*, the Federal Circuit addressed the CIT's dismissal of a claim

alleging that Commerce unlawfully terminated a suspension agreement[17] as moot

based on the court's finding that it lacked the authority to grant the plaintiffs' requested

relief—reinstatement of the suspension agreement.  2022 WL 1112233, at *4.  The

Federal Circuit found dismissal on that basis "improper" apparently based on the

possibility that the plaintiffs could "prevail on their claims relating to the termination of

the [suspension] agreement *and* their contentions concerning the appropriate relief,"

notwithstanding the CIT's contrary finding.  *Id.* (emphasis added).[18]

There, as here, the CIT exercised jurisdiction pursuant to 28 U.S.C. § 1581(i).

*See id.* at *3.  While neither the CIT nor the Federal Circuit discussed 28 U.S.C. § 2643,

the CIT's authority to order reinstatement of the suspension agreement would appear to

derive from the court's authority pursuant to subsection (c)(1) of that provision.

---

[17] Section 1673(c) of Title 19 governs agreements to suspend an antidumping duty investigation.

[18] The Federal Circuit did not analyze the CIT's authority to reinstate the suspension agreement beyond citing *CSC Sugar LLC v. United States*, 43 CIT __, __, 413 F. Supp. 3d 1318 (2019), a case in which the CIT, exercising jurisdiction pursuant to 28 U.S.C. § 1581(c), vacated an amendment to a suspension agreement based on noncompliance with procedural requirements.  *See Confederacion*, 2022 WL 1112233, at *4 (citing *CSC Sugar*, 413 F. Supp. 3d at 1326).  The CIT had distinguished *CSC Sugar* and a related case when it concluded that it lacked the authority to reinstate the suspension agreement.  *See Confederacion De Asociaciones Agricolas Del Estado De Sinaloa, A.C. v. United States*, 44 CIT __, __, 459 F. Supp. 3d 1354, 1365 n.12 (2020).

*Confederacion* thus suggests that the possibility of relief pursuant to 28 U.S.C.

§ 2643(c)(1) defeats an assertion of mootness.  *See id.* at *4 (finding that the

Government had not met "its 'heavy' burden to establish mootness").  The Federal

Circuit subsequently found that certain counts should be dismissed for failure to state a

claim upon which relief may be granted and remanded the dismissal of other counts for

the CIT to consider in the first instance.  *See id.* at *7–9.

In light of *Rhone Poulenc* and *Confederacion*, the court concludes that the

appropriateness of reliquidation as a form of relief would be better addressed in

conjunction with an analysis of the claims presented by Plaintiffs in these cases and not

through the lens of mootness.  The court thus vacates its prior holding in Court No. 20-

3829 that Plaintiffs' claim was moot.[19]

With respect to Court No. 21-290, BIS granted retroactive application of the

revised exclusion before Plaintiffs commenced the action.  *See* 2nd Am. Compl. 21-290

¶ 20.  While mootness may arise upon the occurrence of an event mid-litigation,

standing is typically assessed at the outset.  *See Friends of Earth, Inc.*, 528 U.S. at 189

(addressing standing before mootness).  Because all relevant events preceded

commencement of the action, the court considers the Parties' respective arguments

regarding dismissal through the lens of standing.  Oral Arg. 4:50–6:40, *available at*

https://www.cit.uscourts.gov/audio-recordings-select-public-court-proceedings (time

---

[19] Because the court finds that dismissal is nevertheless appropriate pursuant to USCIT
Rule 12(b)(6), the court does not vacate the judgment entered in Court No. 20-3829.
*See* J., ECF No. 27.  The court notes that this is without prejudice to Plaintiffs and their
time to appeal.  *See* Fed. R. App. P. 4(a)(4).

stamp from the recording) (statement by counsel for the Government that standing is

the appropriate analysis in this case).  For the same reasons that the court finds that

Plaintiffs' claim in Court No. 20-3829 is not moot, however, the court finds that Plaintiffs

have standing to pursue their claim in Court No. 21-290.

## II.    Leave to File a Second Amended Complaint in Court No. 21-290

Before turning to whether dismissal of the complaints is required pursuant to

USCIT Rule 12(b)(6), the court must identify the operative complaint to which it should

address the Parties' arguments in Court No. 21-290.[20]

The Government's consent notwithstanding, ordinarily, "an amended complaint

supersedes the original complaint," *Pac. Bell Tele. Co. v. linkLine Commc'ns, Inc.*, 555

U.S. 438, 456 n.4 (2009), and a prior motion targeting the sufficiency of the original

pleading is rendered moot, *see, e.g.*, *Aspects Furniture Int'l, Inc. v. United States*, 44

CIT __, __, 469 F. Supp. 3d 1359, 1362, 1366–67 (2020) (granting leave to amend a

complaint to add factual allegations and alter the nature of the claim mooted pending

cross-motions for judgment on the pleadings).  The rule is not absolute, however.

When, as here, the proposed amended complaint is "substantially identical to the

original complaint," the court may consider the motion to dismiss against the allegations

in the proposed pleading.  *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) (citation

---

[20] Unlike the consent motion filed in Court No. 21-290, Plaintiffs' motion for leave to file
a second amended complaint in Court No. 20-3829 is opposed by the Government.
*See* Def.'s Opp'n Recons. 20-3829 at 12–13.  The court therefore considers Plaintiffs'
contested motion *infra* and with respect to whether the proposed amendments cure the
deficiencies the court identifies with the first amended complaint.

omitted); *see also, e.g.*, *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303–04 (2d. Cir. 2020) (per curiam); *Kalos v. United States*, 368 F. App'x. 127, 131–32 (Fed. Cir. 2010) (lower court did not abuse its discretion in applying the defendant's motion to dismiss to an amended complaint when "the amended complaint contained the same claims and substantially the same factual allegations as the original [complaint]").

Plaintiffs seek to make one change—the removal of one of two entries in the action.  *See* Pls.' Consent Mot. Amend 21-290 at 1–2.  The minor nature of the change, in conjunction with the benefit of having a clear record regarding the scope of the action, favors accepting the proposed second amended complaint and evaluating the Government's motion to dismiss against the allegations contained therein.

Accordingly, the court will grant Plaintiffs' consent motion to file a second amended complaint.  The court now turns to whether dismissal is required pursuant to USCIT Rule 12(b)(6).

### III.    In Each Case, Plaintiffs Failed to State a Cognizable Claim Upon Which the Court May Grant the Requested Relief

When reviewing a motion to dismiss for failure to state a claim, "any factual allegations in the complaint are assumed to be true and all inferences are drawn in favor of the plaintiff."  *Amoco Oil Co. v. United States*, 234 F.3d 1374, 1376 (Fed. Cir. 2000).  When there is "more to the story than what appears in [the] complaint," *White v. Keely*, 814 F.3d 883, 885 & n.2 (7th Cir. 2016), the court may also consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record," *A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1147

(Fed. Cir. 2014) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004) (alteration in original)).  Public records include "letter decisions of government agencies."  *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3rd Cir. 1993) (citing *Phillips v. Bureau of Prisons*, 591 F.2d 966, 968 (D.C. Cir. 1979)).

A court may properly dismiss a claim pursuant to Rule 12(b)(6) only if Plaintiffs' allegations of fact are not "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

As previously noted, a generous reading of the operative complaints suggests that BIS's issuance of the flawed exclusions constitutes the unlawful final agency action underlying the requests for reliquidation.  There is no serious dispute that BIS erred in granting the exclusions containing the invalid HTSUS provisions.  *See* Oral Arg. 1:01:55–1:04:00 (counsel for the Government acknowledging the mistake).  "In a case arising under the APA, the court may—and regularly will—remand" deficient agency action for reconsideration.  *In re Section 301 Cases*, Slip Op. 22-32, 2022 WL 987067, at *25 (CIT Apr. 1, 2022) (citing *Nat'l Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affs.*, 260 F.3d 1365, 1379–80 (Fed. Cir. 2001)); *see also* 28 U.S.C. § 2643(c)(1) (providing for "orders of remand"); *Borlem S.A.-Empreedimentos Industriais v. United States*, 913 F.2d 933, 937–38 (Fed. Cir. 1990) (recognizing the CIT's authority to remand pursuant to section 2463(c)(1)).

A remand to BIS is unnecessary here, however, because BIS provided all the relief it could when it issued the revised exclusions and made those exclusions retroactive.  Def.'s Mot. Dismiss 20-3829, Ex. F;[21] 2nd Am. Compl. 21-290 ¶ 20.  Thus, the court returns to the question of court-ordered reliquidation.  The court concludes, however, that Plaintiffs have not stated a claim pursuant to which court-ordered reliquidation is an appropriate remedy.

Plaintiffs rely heavily on *Shinyei* to support their argument regarding the court's authority to order reliquidation.  *See, e.g.*, Pls.' Opp'n Dismiss 20-3829 at 30; Pls.' Opp'n Dismiss 21-290 at 9.  To be sure, the court may exercise such authority in appropriate cases.  *See Shinyei*, 355 F.3d at 1312; *PrimeSource Building Prods., Inc. v. United States*, 45 CIT __, __, 505 F. Supp. 3d 1352, 1357–58 (2021) (ordering a refund

---

[21] The court considers the Government's exhibit—BIS's decision memorandum rendering Bilstein's revised exclusion effective as of the date of the original submission—to constitute a public record the court may consider when ruling on a motion to dismiss pursuant to USCIT Rule 12(b)(6) without converting the motion into one for summary judgment.  The decision memorandum is publicly available on Commerce's website for published exclusion requests.  *See* U.S. Dep't of Commerce, Published Exclusion Reqs., https://232app.azurewebsites.net/steelalum (starting point for accessing exclusions using the search function) (last visited May 17, 2022); *see also* BIS Decision Mem. on Exclusion Req. No. 155507, *available at* https://232app. azurewebsites.net/Forms/ExclusionRequestItem/155507 (scroll down to "BIS Decision Memo" and see attached file) (last visited May 17, 2022).  The decision memorandum also constitutes a "letter decision of [a] government agenc[y]."  *Pension Ben. Guar. Corp.*, 998 F.2d at 1197; *Phillips*, 591 F.2d at 968.  Additionally, the court may take judicial notice of BIS's decision memorandum (and certain others like it) as a fact that is "not . . . subject to reasonable dispute."  *CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350, 1360 (Fed. Cir. 2019) (quoting Fed. R. Evid. 201(b)).  While Plaintiffs did not seek to supplement their complaint pursuant to USCIT Rule 15(d) to allege relevant subsequent events or include such events in their proposed second amended complaint, Plaintiffs have acknowledged BIS's actions in their briefing.  *See, e.g.*, Pls.' Opp'n Dismiss 20-3829 at 31; Pls.' Reply Recons. 20-3829 at 8.

of any section 232 duties paid on entries liquidated despite the court's preliminary

injunction suspending liquidation);[22] *Gilda Indus., Inc. v. United States*, 33 CIT 751, 760,

625 F. Supp. 2d 1377, 1385 (2009) (ordering CBP to refund certain section 301

retaliatory duties without regard to liquidation status), *aff'd*, 622 F.3d 1358 (Fed. Cir.

2010).  Here, however, Plaintiffs' claims relate to the section 232 exclusion process

established by the Executive Branch.

The exclusion process established by the President provided that retroactive

relief—refunds of section 232 duties on entries made on or after an exclusion request

was made—is limited to unliquidated entries or entries for which liquidation is not final.

Proclamation 9777, cl. 5; *see also* Proclamation 9705, cl. 3.  Regulations issued by BIS

notify importers that refunds of section 232 duties are within the province of CBP, not

BIS.  *See* 15 C.F.R. pt. 705, Supp. 1(h)(2)(iii)(B).  CBP issued guidance consistent with

the limitations established by the President.  *See, e.g.*, CSMS # 18-000352 (directing

importers to file post summary corrections or protests to request refunds on prior

entries).  In other words, the section 232 exclusion process is a discretionary regime

implemented with certain conditions and limitations.

The instant cases are distinct from *Shinyei*, in which Shinyei's claim arose out of

the statute—19 U.S.C. § 1675(a)(2)(C)—that governed the relationship between

Commerce's calculations pursuant to an antidumping duty administrative review and

---

[22] The court later stayed this aspect of its judgment pending appeal before the Federal
Circuit.  *See PrimeSource Building Prods., Inc. v. United States*, 45 CIT __, __, 535 F.
Supp. 3d 1327, 1336 (2021).

CBP's assessment of the duties.  *See Shinyei*, 355 F.3d at 1303, 1306.  Plaintiffs'

claims are also distinct from claims raised in cases seeking to challenge the imposition

of certain duties as void *ab initio*.  *See In re Section 301 PI Slip Op.*, 524 F. Supp. 3d at

1372–83 (Barnett, C.J., in a case challenging the imposition of duties pursuant to

section 301 of the Trade Act of 1974 as void *ab initio*, dissenting from the grant of a

preliminary injunction upon finding that the court's authority to order reliquidation

undermined the plaintiffs' assertions of irreparable harm arising from liquidation).

At the hearing, Plaintiffs implicitly acknowledged the absence of any legal

requirement for an exclusion process when counsel was unable to identify any such

requirement (while suggesting, without elaboration, that the absence of a process might

have had legal implications).  *See* Oral Arg. 42:50–43:59.  Regarding the process

established to effectuate section 232 exclusions, Plaintiffs make no claim[23] that the

limitation on retroactive refunds to entries that have not liquidated or for which

liquidation is not final is arbitrary or capricious.[24]  Plaintiffs also raise no challenge to

BIS's regulations alerting importers to CBP's role in providing refunds and do not

suggest that BIS has any authority to issue refunds.  While in one case Plaintiffs allege,

in a conclusory fashion, that BIS failed to publish a regulation concerning the correction

---

[23] Plaintiffs argue that "the government attempts to invent a new requirement for a 'protective' protest to stop the clock in order to obtain a refund of duties."  Pls' Opp'n Dismiss 21-290 at 7.  Plaintiffs do not, however, allege any such claim regarding CBP's use of the protest statute to implement exclusions in their complaints or support their argument with legal authority.

[24] This statement is without prejudice to the question whether any challenge to the President's imposition of such conditions would be justiciable.

of HTSUS errors in exclusions or inform Plaintiffs of a mechanism to obtain refunds

prior to liquidation, 2nd Am. Compl. 21-290 ¶¶ 26–27, Plaintiffs do not identify any legal

basis for the claim, nor is one suggested in their briefing, *see* Pls' Opp'n Dismiss 21-290

at 8 (asserting, without supporting authority, that "Commerce was obligated to make

publicly available a viable remedy" for "chang[ing] the tariff number in the exclusion").

*Cf.* 15 C.F.R. pt. 705, Supp. 1(c)(2) (allowing importers to submit exclusions for a

product even if a prior exclusion was denied or is otherwise invalid).

Plaintiffs' reliance on *ThyssenKrupp v. United States*, 886 F.3d 1215 (Fed. Cir.

2018) is also misplaced.  *See* Pls.' Opp'n Dismiss 21-290 at 11.  That case concerned

an intervening change in the legal requirement to pay antidumping duties on eight

entries based on revocation of the antidumping duty order with an effective date prior to

the entries, a change that CBP failed to apply in response to a timely-filed protest.

*ThyssenKrupp*, 886 F.3d at 1218–20, 1223.  Here, however, Commerce's approval of

the revised exclusions, *see* Def.'s Mot. Dismiss 20-3829, Ex. F; 2nd Am. Compl. 21-290

¶ 20, did not automatically void the application of the duties because approved

exclusions must be presented to CBP for evaluation and, when appropriate, the

issuance of refunds.[25]  *See* Proclamation 9705, Annex (U.S. Note 16(c)–(d)); 15 C.F.R.

---

[25] The court notes that presentation of the exclusion to CBP allows CBP to undertake its own evaluation of whether the exclusion properly applies to the entry in question, including whether the quantitative cap on the product subject to the exclusion has been met.  *See, e.g.*, Def.'s Mot. Dismiss 21-290, Ex. F (listing a quantitative cap on the requested annual exclusion amount).

pt. 705, Supp. 1(h)(2)(iii)(B).  Absent presentation of an approved exclusion to CBP, the legal requirement to pay duties on merchandise subject to section 232 duties remained.

 In sum, Plaintiffs' complaints fail to state a claim upon which the court can grant relief beyond BIS's grant of the corrected exclusions.

 Plaintiffs' proposed second amended complaint filed in Court No. 20-3829 fails to cure the deficiencies discussed above and amendment would be futile.  *See Kemin Foods, L.C. v. Pigmentos Vegetales del Centro S.A. de C.V.*, 464 F.3d 1339, 1353 (Fed. Cir. 2006) (stating that leave to amend may be denied "if the court finds that . . . the amendment would be futile") (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiffs seek to add factual allegations concerning the internal processes used by Bilstein and VoestAlpine to apply granted exclusions.  *See* [Proposed] Am. Compl. ("Proposed 2nd Am. Compl. 20-3829") ¶¶ 12–13, ECF No. 28-1.[26]  Concerning the purported legal basis for the claim, Plaintiffs seek to allege that "[t]he actions of Defendant contributed substantially to the inability of Plaintiffs to obtain refunds of Section 232 duties before the liquidation of the Entry became final," *id.* ¶ 19; "Defendant United States wrongfully granted an exclusion that led Plaintiffs to believe that refunds of duties could be claimed," *id.* ¶ 23; "[w]hen Plaintiffs discovered the only method to

---

[26] Contrary to the court's rules and administrative orders, Plaintiffs did not append "a list of each amendment or correction, including the page number for each amendment or correction," or "an amended or corrected version of the document showing the additions, deletions, and any other changes in a 'redline and strikeout' format."  USCIT Admin. Order 02-01 ¶ 4(d)(i); *see also* USCIT Rule 15 (practice comment).

obtain relief, the entry had liquidated," *id.* ¶ 24; and "[o]btaining refunds without the assistance of the [c]ourt is not possible," *id.* ¶ 25.[27]

As with the existing complaints, however, a favorable reading of the proposed second amended complaint suggests a claim based on Commerce's alleged improper grant of the erroneous exclusions and nothing from which the court may infer a "plausible claim" for refunds through reliquidation.  *See Iqbal*, 556 U.S. at 679.  Plaintiffs identify no additional allegedly unlawful final agency action(s) or legal theory to support their claim or requested relief.  Thus, further amendment would be futile and will be denied. *See Kemin Foods, L.C.*, 464 F.3d at 1353.

CONCLUSION AND ORDER

In accordance with the foregoing, it is hereby

**ORDERED** that Plaintiffs' motion for relief from judgment, for reconsideration, and for leave to amend the consolidated complaints (ECF No. 28, Court No. 20-3829) is **GRANTED IN PART** as to reconsideration of the question of mootness and **DENIED IN PART** as to leave to file a second amended complaint and for relief from judgment; it is further

**ORDERED** that the portion of the court's opinion in *VoestAlpine USA Corp. v. United States*, 45 CIT __, 532 F. Supp. 3d 1379 (2021), dismissing Court No. 20-3829 as moot is **VACATED**; it is further

---

[27] Plaintiffs also seek to modify an existing allegation to note that the Government "has challenged the right of Plaintiffs to obtain equitable relief in this [c]ourt."  Proposed 2nd Am. Compl. 20-3829 ¶ 26.  This proposed amendment is immaterial to issues under consideration.

**ORDERED** that Plaintiffs' consent motion for leave to file a second amended

complaint (ECF No. 22, Court No. 21-290) is **GRANTED**; and it is further

**ORDERED** that the Government's motions to dismiss the actions for failure to

state a claim upon which relief may be granted (ECF No. 19, Court No. 20-3829; ECF

No. 17, Court No. 21-290) are **GRANTED**.

Judgment will enter in Court No. 21-290 accordingly.


/s/_____ Mark A. Barnett____
Mark A. Barnett, Chief Judge


Dated: May 17, 2022_____
         New York, New York